**Yuri Junior Galeas MELENDEZ, etc., Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–71500.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2011.*

Filed Dec. 13, 2011.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioner.

Stuart Nickum, Trial, OIL, David V. Bernal, Assistant Director, DOJ–U.S. De-partment of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Securi-ty, San Francisco, CA, for Respondent.

Before GUY,** McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Petitioner, Yuri Melendez, appeals from the decision of the Board of Immigration Appeals (Board) denying his motion to re-mand and reopen. Melendez sought an opportunity to apply for asylum and with-holding of removal because he failed to demonstrate *prima facie* eligibility for can-cellation of removal. An immigration judge had earlier found Melendez ineligi-ble for cancellation of removal because his 2001 conviction for cocaine possession stopped the accrual of the requisite 10–year period of continuous physical pres-ence in the United States upon which Me-lendez had relied as a ground for cancella-tion of the order of removal.

A finding that a movant has failed to establish *prima facie* eligibility for with-holding of removal is an appropriate ground on which to deny a motion to re-open. *INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Our stan-dard of review is abuse of discretion, and a heavy burden is placed upon a movant seeking reopening of removal proceedings. *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.

find no abuse of discretion here. Melendez claims that if he is removed, his handicapped son could face sexual abuse in El Salvador. Melendez's wife testified, however, that she and her son, both United States citizens, will remain in the United States even if Melendez is removed. Similarly, we conclude that the Board was correct in finding that Petitioner's asylum claim, based on fear of future persecution, was not supported by the record. Having failed to demonstrate eligibility for asylum, it follows that petitioner also failed to make a *prima facie* case for withholding of removal.

PETITION DENIED.